**Charles S. MEIHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 883S294.

Supreme Court of Indiana.

April 2, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Charles S. Meiher was found guilty by the Marion Superior Court, Criminal Division One, of class C felony possession with intent to deliver a controlled substance, to-wit: Pentazocine (Talwin). The trial court subsequently found Appellant to be a habitual offender. The trial court accordingly sentenced Appellant to five years imprisonment for his possession conviction and to thirty years imprisonment for being a habitual offender. Said sentences were ordered to run consecutively. Appellant now directly appeals and raises the following two issues:

1. sufficiency of the evidence supporting Appellant's possession conviction; and

2. sufficiency of the evidence supporting Appellant's habitual offender finding.

On May 5, 1982, police officers searched Appellant's rented room at the Mayfair Hotel in Indianapolis pursuant to a search warrant. During said search, police found quantities of Talwin on a desk, in a desk drawer, in a dresser drawer and in a crawl space above the bathroom. Appellant was in his room at the time and acknowledged that Talwin was in the desk drawer. Syringes and blank prescription forms bearing the names of numerous doctors also were found in the room. After being arrested, Appellant told police that his friend Lori Sedan would admit guilt in this case to acquit Appellant if Appellant so directed her. Sedan subsequently testified at trial that the drugs located in Appellant's room

belonged to her and that she was illegally dealing in them without Appellant's knowledge or involvement. Sedan further testified that she was a prostitute and seventeen years old when Appellant was arrested for the instant crime. There also was evidence adduced at trial that a police informant previously had purchased controlled drugs from Appellant in his room at the Mayfair Hotel.

## I

▮▮▮▮ Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State with all reasonable inferences drawn therefrom. If the existence of each element of the crime charged can be found beyond a reasonable doubt therefrom, the judgment will not be disturbed. In such a review, we will neither weigh conflicting evidence nor judge the credibility of the witnesses. *Rose v. State*, (1983) Ind., 446 N.E.2d 598. In the present case, police searched Appellant's room pursuant to a search warrant predicated upon evidence of a prior sale of controlled drugs by Appellant to a police informant in Appellant's room. Evidence of Appellant's actual illegal possession of a relatively large quantity of controlled drugs is sufficient to sustain his conviction for possession with intent to deliver. *Henry v. State*, (1978) 269 Ind. 1, 379 N.E.2d 132. Appellant's prior sale and the quantity of Talwin found in his room further support the inference that Appellant possessed Talwin with an intent to deliver. We accordingly find sufficient evidence to support Appellant's possession conviction.

## II

▮▮▮▮ Appellant next complains that the State failed to prove he had amassed the requisite number of prior felony convictions to support his habitual offender finding. Appellant's 1960 conviction for burglary was proved by an exemplified copy of his Illinois prison record which includes, *inter alia*, a photograph of Appellant, a card showing Appellant's fingerprints and signature, a copy of the charging instru-

ment and a copy of the trial court's order book entry showing Appellant's conviction. Appellant's 1977 conviction for illegal possession of a controlled substance was proved by an exemplified copy of his Indiana State Prison record which includes, *inter alia*, a photograph of Appellant, a card showing Appellant's signature and fingerprints, a copy of the charging information and a copy of the trial court's commitment order. The State also presented certified copies of the trial court's order book entries showing Appellant's conviction and sentencing. Certified copies of a prison record showing a prior conviction and imprisonment are admissible as public documents and can represent sufficient evidence to prove the fact of a prior conviction in a habitual offender proceedings. *Brown v. State*, (1979) 270 Ind. 399, 385 N.E.2d 1148. In the instant case, Appellant's identity as a twice convicted felon was proved by expert comparison of Appellant's fingerprint exemplar with the fingerprint records from his prior convictions. We find sufficient evidence to support Appellant's habitual offender finding.

▮▮▮▮ We note, *sua sponte*, that the trial judge incorrectly imposed a habitual offender sentence upon Appellant. Upon finding Appellant to be a habitual offender, the trial court ordered that Appellant be imprisoned for a term of thirty years consecutive to the five year sentence already imposed. This was improper. Being a habitual offender is not a separate crime for which a defendant is found guilty but rather is a status requiring the trial judge to enhance a penalty already given. The trial judge in the instant case should have enhanced Appellant's five year sentence by thirty years giving a total term of thirty-five years for that single sentence. Accordingly, we remand this cause to the trial judge for correction of Appellant's sentences pursuant to this opinion. The trial court is affirmed in all other respects.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.