Charles CALHOUN, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1183S381.

Supreme Court of Indiana.

Oct. 24, 1985.

Jonathan R. O'Hara, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder, I.C. § 35–42–1–1, and a habitual offender determination. A jury tried the case. Appellant received a sentence of eighty years.

Appellant raises four issues on appeal: (1) whether the trial court erred in refusing to submit to the jury his tendered accidental homicide instruction; (2) whether he was denied effective assistance of counsel; (3) whether his sentence violates the double jeopardy clause in that the trial court enhanced the presumptive sentence and then enhanced it further on the basis of the habitual offender determination; (4) whether the trial court erred in not permitting him to be present at the hearing on the belated motion to correct errors.

These are the facts from the record that tend to support the determination of guilt. On March 17, 1982, appellant entered the Double B Barbershop in Gary, Indiana to purchase a lottery ticket. The proprietor informed appellant that it was too late to purchase a ticket; consequently, he offered to sell appellant a lottery ticket for the next day. Thereafter, the victim staggered into the barbershop. The victim was noticibly intoxicated. The victim offered appellant a drink of wine from his bottle. Appellant responded, "I'm not a winehead," and then he hit the victim, knocking him back. Immediately afterwards, appellant grabbed the victim by the collar and exclaimed, "I'll kill you your mother fucking ass." Then, appellant pulled out his gun,

and he shot the victim. The bullet entered the victim's cheek, and it lodged in the victim's skull. Appellant laid the victim down on the floor, and he told the proprietor, "It's all over." The victim died from the gunshot wound.

## I

Appellant claims that the trial court erred in refusing to submit to the jury his tendered accidental homicide instruction. The record of proceedings before us shows that the evidence was concluded on the afternoon of December 1, 1982, and the jury was released with instruction to reconvene the following morning for final arguments and instructions. The court then settled the instructions, and in so doing stated that he would refuse appellant's instruction numbered two (2), the tendered accidental homicide instruction.

The record of proceedings further discloses however that the jury returned to court the following morning, heard the final argument of counsel, and then heard the court read final instructions numbered one (1) through twenty four (24), and was then permitted to take the twenty four written instructions to the jury room. Among these serially numbered final instructions was final instruction fourteen (14), appearing in this record of proceedings at p. 196. That instruction is identical in import to appellant's tendered instruction two (2) which had been refused the night before. It is serially numbered as fourteen (14), marked by hand in ink as given, personally signed in ink by the presiding trial judge, and preceded in the record of proceedings before us, by the entry:

"Court now reads to the jury its Final Instructions numbered one (1) through twenty-four (24) inclusive, which are now signed by the Court and made a part of the record herein, in these words (insert)."

Some further support for the fact that the jury did receive the court's final instruction fourteen (14) may be gleaned from the fact that the refusal of the trial court to give the tendered instruction # 2 was not mentioned as an error in either the motion to correct errors or the belated motion to correct errors.

■ The record of the proceeding before us, when considered as a whole, demonstrates that the jury did receive the substance of appellant's tendered instruction two (2) through the court's own final instruction fourteen (14). Under such circumstances, the refusal of a tendered instruction is not error. *Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770. *New v. State* (1970), 254 Ind. 307, 259 N.E.2d 696.

## II

Appellant argues that his counsel was ineffective. Specifically, he claims that his counsel was deficient in not calling certain witnesses on his behalf and that such inaction prejudiced his defense.

These guidelines are to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674. *Price v. State* (Ind.1985), 482 N.E.2d 719.

■ Appellant claims that counsel was deficient in not calling Curtis Vanzant to testify about the lottery operation conducted at the Double B Barbershop. Vanzant's testimony allegedly would have refuted the Double B's proprietor's testimony by demonstrating that the proprietor conducted an illegal gambling operation which was greater in scope than the proprietor had

been willing to admit from the witness stand. However, this does not render counsel's performance deficient, because there had already been ample testimony about the lottery operation at the barbershop to permit a fair determination by the jury of the proprietor's credibility.

■ Appellant also claims that counsel was deficient in not calling his wife to testify about statements he made soon after the offense. The circumstances of the case, as they confronted counsel, do not demonstrate counsel's action was deficient. It was well within reason to regard testimony of that sort from loved ones as providing little or no benefit. Furthermore, appellant has not suggested how his counsel would have overcome a hearsay objection to this testimony.

### III

■ Appellant argues that his sentence violates the double jeopardy clause in that the trial court enhanced the presumptive sentence for murder and then enhanced it further on the basis of his habitual offender determination.

In *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60, this court decided this issue contrary to appellant's position. There we stated:

> [t]he habitual offender sentencing provision is "neither a separate criminal charge nor an additional penalty for the earlier crimes." Thus, the use of prior convictions to enhance the sentence for the immediate crime does not constitute a reprosecution for the same offense after a conviction, nor does such use result in multiple punishment for the same offense.

> Therefore, enhancing the sentence in this fashion for the immediate crime does not violate double jeopardy. This is true where those prior convictions are used as aggravating circumstances to increase the sentence, under § 35–4.1–4–7 and where they are used to support the finding that the defendant is a habitual offender, under § 35–50–2–8.

Appellant's sentence does not violate the double jeopardy clause.

### IV

Appellant argues the trial court erred in not permitting him to be present at the hearing on his Belated Motion to Correct Errors. He claims that he would have testified as to his counsel's ineffectiveness in not calling witness Vanzant and his wife to testify.

■■ It is not required that a trial court hold an evidentiary hearing on a motion to correct errors. CR 17; *Keys v. State* (1979), 271 Ind. 52, 390 N.E.2d 148. Moreover, the trial court permitted appellant to submit an affidavit in which appellant specifically identifies and explains his counsel's alleged ineffectiveness. The circumstances do not demonstrate that the trial court's action harmed appellant, especially in light of the fact that he received a full review of the ineffectiveness of counsel issue here.

The conviction and sentence are affirmed.

GIVAN, C.J., and PRENTICE, PIVARNIK and SHEPARD, JJ., concur.