Doyle POPPLEWELL, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 984S336.

Supreme Court of Indiana.

July 22, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Doyle Popplewell was convicted after trial by jury of robbery, a class A felony, Ind. Code § 35–42–5–1 (Burns 1985 Repl.), and he received a life sentence. His conviction was appealed directly to this court and we affirmed. *Popplewell v. State* (1978), 269 Ind. 323, 381 N.E.2d 79. Thereafter, he petitioned for post-conviction relief. We affirmed the denial of that petition. *Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

This appeal is from the denial of his second petition for post-conviction relief, in which Popplewell alleged that his attorney in the first post-conviction proceeding was inadequate because she did not include the transcript of the trial in the record of the post-conviction proceedings.

We remand this cause for a new hearing on Popplewell's petition.

## I. First Petition

The background of this appeal is complicated. After this Court affirmed his conviction on direct appeal, Popplewell filed *pro se* his first petition for post-conviction relief, alleging several errors from trial, including that he had received ineffective assistance of counsel. He claimed trial counsel had failed to investigate the facts and had not presented two witnesses Popplewell believed were necessary to his defense.

Popplewell also alleged ineffectiveness of appellate counsel. The attorney who represented Popplewell on direct appeal had expressly waived all but one issue from trial for our review. *Popplewell*, 381 N.E.2d 79.

At the hearing on the first petition, Popplewell was the only witness who testified in support of his claim that he received ineffective assistance at trial and on appeal. He stated that his trial attorney should have called to the stand or interviewed two potential witnesses whose testimony Popplewell felt would be beneficial. Popplewell denied having agreed with his appellate counsel to waive all but one issue for appeal.

The trial court denied the petition, concluding that Popplewell was not denied effective assistance of counsel at trial and on appeal. The court concluded further that Popplewell's allegation about the sufficiency of the evidence was not a proper issue in post-conviction proceedings and that all other issues from trial were waived because they were available on direct appeal.

On appeal from that denial of the first petition, the public defender argued that Popplewell had met his burden of proof and had shown he was denied effective assist-

ance of counsel at trial and on appeal. Furthermore, the issues relating to the trial itself which had been waived in the first appeal were reasserted on the basis that appellate counsel should not have waived them. We held in *Popplewell*, 428 N.E.2d 15, that Popplewell had *not* carried his burden of proving ineffective assistance of trial counsel and affirmed the post-conviction court. In doing so, we upheld the post-conviction judge's determination with respect to Popplewell's claim that certain witnesses should have been called by trial counsel. With respect to the issues raised at trial and waived on appeal, we noted that Linda Waggoner, Popplewell's attorney in his first post-conviction proceeding, had not included a transcript of the trial in the record of the post-conviction proceedings. This Court said:

> Perhaps the post-conviction judge did not need to refer to the transcript of the criminal trial in order to reach these conclusions; however, without that transcript *we* cannot determine whether or not Defendant successfully met his burden of proof with respect to the merits of the claimed errors. *Popplewell*, 428 N.E.2d at 17.

Thus, the trial court was affirmed on all issues.

## II. Second Petition

Because Waggoner did not include the trial transcript in the record for appeal of the denial of his first petition, Popplewell brought a second post-conviction action, claiming she was ineffective in her representation of him.

At the hearing on the second post-conviction action, Waggoner testified that she was retained to represent Popplewell at the hearing on his first petition. There was a delay before she could obtain Popplewell's trial transcript from the clerk of the court, and she recommended to him that they move for a continuance. She informed Popplewell that the trial judge was not likely to grant relief, and that the deputy prosecutor was not responsive to an agreement she had proposed. Waggoner told

her client that if a continuance were granted he might have an opportunity later to bargain with a different deputy prosecutor.

Popplewell told Waggoner that his goal was to "get into federal court" and that he wanted to proceed. He gave her his uncertified copy of the trial record for her use in preparation for the hearing.

As to her having not placed the trial transcript into evidence, Waggoner testified that, first, the arguments she had made about ineffective counsel related more to pre-trial work and failure to investigate than to the trial itself. Second, Waggoner believed that, taken as a whole, the record from trial would reveal that trial counsel was in fact effective "under the Supreme Court standards." Thus, it was not in her client's interest to present the court with the trial record. Popplewell testified, complaining chiefly that Waggoner had not argued the issues he had raised in his *pro se* petition. Among those issues were the three expressly waived by appellate counsel on direct appeal.

In denying the second petition, the trial court found that Waggoner's unrefuted testimony showed she made a reasonable strategic choice in omitting the trial transcript from the record because she believed the record would not have supported the claim against trial counsel. The court concluded that the law was against Popplewell, that he had failed to meet his burden of proof, and that Waggoner's representation was effective. The court further concluded that the trial issues were waived because they had been available on direct appeal. The attorney at the second post-conviction hearing did not place the trial record into evidence at this stage of the proceedings, either, perhaps because the allegation was that Waggoner's forfeiture constituted ineffectiveness *per se*.

Popplewell is appealing from a negative judgment. This Court will overturn a negative judgment only where the evidence is without conflict and leads to but one conclusion not reached by the trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70. While the record before us is more than

adequate to support the trial court's decision, two aspects of this litigation persuade us that the appropriate disposition here is to remand the cause to the trial court to consider the allegations of the petition with the benefit of the trial transcript.

First, the seemingly endless nature of Mr. Popplewell's business in our courts appears to have been occasioned by the absence in the record of the trial transcript. In his first post-conviction petition, Popplewell claimed appellate counsel was inadequate for having waived trial issues. Because the wisdom of appellate counsel's decision to waive the issues depended upon the merits of the issues waived, a full review of the allegation of his ineffectiveness would have necessarily involved a review of the trial transcript, which was not part of the record. However, the post-conviction court found that Popplewell, by his bare allegations, had not met his burden of proof on his petition. This Court subsequently held that without the transcript we had no basis to set aside that determination.

Waggoner may very well have made a reasonable strategic decision to forfeit full review of appellate counsel's waiver of the issues from trial by not placing the record into evidence. She testified that she had reviewed the trial record. She did not believe Popplewell was likely to prevail on his petition, and encouraged him to seek a continuance. Clearly, having evaluated Popplewell's trial transcript and the merits of his allegations, Waggoner was not necessarily ineffective for not placing into evidence a trial record which would provide evidence damaging to her client on the issues she thought were most meritorious, even though the absence of the transcript made it less likely that Popplewell would prevail on other issues. Yet, we do not believe one can know her decision was reasonable without having reviewed the very item missing on account of her decision—the trial transcript. The only escape from this "Catch–22" is to request that the trial court rehear Popplewell's claim that Waggoner was ineffective after having ordered the trial transcript placed into evidence.

There is a second reason for this disposition. While we would be well within the bounds of due process simply to affirm the trial court on the basis that Popplewell did not meet his burden of proving that Waggoner was ineffective, we would fully expect on the horizon *another* appeal from the denial of *another* post-conviction petition alleging current counsel ineffective for not placing the record into evidence at the second post-conviction proceeding.

Thus, while we are reluctant to prolong this cause of action, we conclude that a complete and final assessment of Popplewell's claim requires that this cause be reconsidered in light of the trial record. It is so ordered.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., dissents without separate opinion.