Ronnie GIPSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S486.

Supreme Court of Indiana.

July 31, 1986.

Steven C. Litz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Ronnie Gipson, was found guilty in a Marion County Superior Court jury trial of count I, possession of Pentazocine; count II, possession of cocaine; count III, carrying a handgun without a license, a class A misdemeanor; and count IV, carrying a handgun without a license, a class D felony. The jury also found Appellant a habitual offender. On February 25, 1982 the trial court sentenced Appellant to serve two (2) years each on counts I and II, four (4) years on count IV, and thirty (30) years on the habitual criminal charge. Appellant filed a *pro se* "Motion to Correct Erroneous Sentence" on April 16, 1985. In passing, the correct procedure for Appellant to raise his objection to the original sentence should have been a petition for post-conviction relief instead of a motion to correct an erroneous sentence. *Reid v. State* (1986), Ind., 486 N.E.2d 1029, 1030; P.C.R. 1, §§ 1(a)(3), 1(a)(6).

At a hearing held June 21, 1985, the court corrected Appellant's sentence to show a four (4) year sentence on count IV, enhanced by thirty (30) years for the habitual offender finding. This change was necessary so Appellant's sentence conformed to Indiana's Habitual Offender law. Appellant presents the following issue for our review:

1. Did the trial court err in correcting Appellant's sentence so that the sentence conformed to Indiana's Habitual Offender law?

I

Appellant argues that at the time the trial court corrected his sentence, he had begun serving the habitual offender sentence of thirty (30) years. Since he had served all the time on the underlying felonies, Appellant claims there was no underlying felony to be enhanced. We do not agree.

The theory justifying the constitutionality of the habitual offender statute is that being a habitual offender is not a separate crime, but rather a status requiring the trial judge to enhance a penalty already given. *Meiher v. State* (1984), Ind., 461 N.E.2d 115, 117; Ind.Code § 35–50–2–8 (Burns 1985). Thus, the trial court erroneously imposed the habitual offender sentence on Appellant. However, an erroneously imposed sentence does not render the sentence void, but rather the trial court is required to correct the sentence after giving notice to the parties and holding a hearing. Ind. Code § 35–38–1–15 (Burns 1985). Given that the trial court had a duty to correct the erroneous sentence and did so, and given that the resentencing did not affect any of Appellant's legitimate expectations concerning his sentence, we find that the trial court did not err in correcting the erroneous sentence. The error in the original sentence was merely a procedural error. The law does not prohibit correcting this type of error, but rather the law requires it. Ind. Code § 35–38–1–15 (Burns 1985). Since the statute is silent as to when a sentence may be corrected, it is important only that the sentence was corrected in accordance with the statute's other requirements as was done in this case.

Accordingly, the trial court is affirmed.

GIVAN, C.J., SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.