James Odis HENDRIX, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8901–PC–27.

Supreme Court of Indiana.

Aug. 2, 1990.

Rehearing Denied Oct. 10, 1990.

Susan K. Carpenter, Public Defender, Eric K. Koselke, Sp. Asst. to Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In November of 1972, appellant was sentenced to life imprisonment following a jury trial and conviction of first-degree murder. That conviction was affirmed by this Court. *Hendrix v. State* (1974), 262

Ind. 309, 315 N.E.2d 701. Subsequently, appellant filed a petition for post-conviction relief. A hearing was held on that petition in July of 1978 wherein appellant proceeded *pro se* until after all the evidence had been presented.

However, before final argument, attorney Nile Stanton entered his appearance in behalf of appellant and made the closing argument. The petition for relief was denied and that denial was affirmed on appeal to this Court. *Hendrix v. State* (1981), 275 Ind. 600, 418 N.E.2d 1161.

In February of 1980, appellant filed *pro se* a petition for a writ of habeas corpus in the LaPorte Circuit Court, which petition was denied. That decision was affirmed by this Court. *Hendrix v. State* (1982), Ind., 442 N.E.2d 1058. Then followed a series of *pro se* filings, which eventually led to the instant petition for post-conviction relief in which appellant was represented by the State Public Defender. In April of 1988, a hearing was held on the modified petition for post-conviction relief. It is from the denial of that petition that this appeal lies.

■Appellant claims the trial court erred in finding that he was not denied his right to effective assistance of post-conviction relief counsel. Appellant acknowledges this Court's opinion in *Baum v. State* (1989), Ind., 533 N.E.2d 1200, wherein we held that if counsel has appeared and represented a petitioner in a procedurally fair setting at a post-conviction relief hearing, it is not necessary to judge his performance by the rigorous standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

However, appellant argues that *Baum* does not apply in his case because counsel at the first post-conviction relief hearing did not enter his appearance until the argument stages of the proceeding. Therefore, he cannot be said to have appeared and represented petitioner. We cannot agree with appellant in his observations. Obviously, he cannot challenge the competency of the counsel in the first post-conviction relief hearing for anything that occurred prior to counsel's appearance. Counsel's

performance can be judged only by his conduct after his appearance.

Appellant now claims his first post-conviction relief attorney did not properly raise all of the issues of incompetency concerning his trial counsel. However, an examination of that appeal, cited above, discloses that counsel in fact did raise several issues concerning the competency of trial counsel.

■ However, appellant now claims his first post-conviction relief counsel failed to raise the issue that his trial counsel fell asleep during extensive testimony of one of the State's witnesses. However, at the second post-conviction relief hearing, from which this appeal is taken, it was brought out that the first post-conviction relief counsel never was advised by appellant that trial counsel had fallen asleep during the trial. This is a contention by appellant which appears for the first time in this petition, and as pointed out by the State, appellant's own testimony at his second post-conviction relief hearing was quite tenuous on this subject.

In any event, that is a situation which, if true, was known to appellant at the time of its occurrence and could have been raised either on the direct appeal or during his first post-conviction relief hearing. The trial court was correct in holding that there is nothing in this record to show that the first post-conviction relief counsel was alerted to the possibility that trial counsel had fallen asleep at the trial.

■ Other issues concerning the original trial counsel's competence were raised in appellant's appeal from the denial of his first post-conviction relief and now are *res judicata*. *Morris v. State* (1984), Ind., 466 N.E.2d 13. We see nothing in the record in the case at bar to indicate inadequate performance of appellant's first post-conviction relief counsel.

■ Appellant claims the trial court erred in finding that the doctrine of estoppel does not apply to the performance of his post-conviction relief counsel. Appellant takes that position because at the time argument was heard on the motion to cor-

rect error following the first denial of post-conviction relief, a deputy prosecuting attorney remarked that the State would not oppose the motion to correct error, that he personally believed the original trial counsel had blundered in his defense of appellant, and that appellant could have interposed a good defense of self-defense.

■ ■ However, notwithstanding this statement by the deputy prosecuting attorney, the trial court denied the motion to correct error. The State cites civil cases which hold that "the public acting through a governmental body 'cannot be estopped by the unlawful acts of public officials.'" *Turner Transp. v. Indiana Employment Sec. Bd.* (1983), Ind.App., 448 N.E.2d 300, 303. This proposition of law is equally applicable to statements made by prosecuting attorneys. Although a prosecuting attorney has broad discretion whether to file a criminal action or whether to dismiss it once pending, he does not have the power to set aside a judgment once it is rendered. Such is the prerogative of the trial court. Although the trial court might be swayed by statements of a prosecuting attorney, the trial court is not bound thereby. We find appellant's claim of estoppel is untenable.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs with separate opinion in which SHEPARD, C.J. and DICKSON, J., concur.

DeBRULER, Justice, concurring.

This is an appeal from the judgment of the trial court, denying a third petition for post-conviction relief. The problem posed by such successive petitions for post-conviction relief has been recently addressed by this Court by amendment to the Rule governing post-conviction remedies. Particularly, Section 12 has been added. While that amendment was not in effect at the time of the trial court's judgment denying this third petition and is not therefore applicable in this case, its existence and potential application in these circumstances is worth noting.

In all petitions, initial or successive, the petitioner must allege *grounds* for post-conviction relief, i.e., for relief from a conviction or sentence. It is a ground for post-conviction relief that defense counsel at trial on a charge resulting in conviction did not provide constitutionally effective legal assistance. It is not a ground for post-conviction relief that petitioner's counsel in a prior post-conviction proceeding did not provide adequate legal assistance; rather, an allegation of a failure to provide such appropriate legal assistance is an avenue for the petitioner to avoid a State's answer pleading prior adjudication or abuse of the post-conviction process.

A likely pleading scenario for the present case under the new Section 12 would have been the filing of this third petition with a completed Successive Post–Conviction Relief Rule 1 Petition Form. This third petition, like the first petition, would have alleged the ineffective assistance of trial defense counsel, supported by specific actions and omissions. The State would have filed an answer pleading that the job of trial defense counsel had been previously challenged and finally adjudicated in the first post-conviction proceeding, that any deficiency in that previous adjudication had not been raised in the second post-conviction proceedings initiated by appellant, and that the failure to have done so renders the raising of it in this third post-conviction petition an abuse of the post-conviction process. Appellant would have then had the opportunity to reply to the answer by alleging that counsel had failed to render a level of representation consonant with due process of law in the first post-conviction proceeding and explaining why he had not again alleged the ineffective assistance of trial defense counsel in his second petition for post-conviction relief. The trial court would then have either sustained or denied the State's answers of prior adjudication and abuse of process. Only in the event of a rejection of the State's answer would the court reach the merits for the second time of the alleged ground for post-conviction relief, i.e., that trial defense counsel had

not provided constitutionally sufficient legal counsel.

SHEPARD, C.J., and DICKSON, J., concur.