**Richard Dean SMITH, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee.**

No. 79A02–8712–PC–513.

Court of Appeals of Indiana, Second District.

Sept. 6, 1990.

Rehearing Denied Oct. 18, 1990.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Richard Dean Smith (Smith) appeals the denial of his Petition for Post–Conviction Relief.

We affirm.

Smith presents the following issues for our review, which we restate:

    I.   Whether Smith was denied the effective assistance of trial and appellate counsel;

    II.  Whether the post-conviction court erred by failing to vacate the jury's habitual offender finding on the basis of insufficient evidence to support the determination;

    III.  Whether Smith was denied a fundamentally fair trial and fair sentencing due to the trial judge's conflict of interest;

    IV.  A.  Whether the post-conviction court erred by denying Smith's petition for post-conviction relief because his sentences for burglary and attempted theft were enhanced by reason of the same predicate felonies which were used to support the habitual offender finding.

    B.  Whether the post-conviction court erred by enhancing by thirty years Smith's sentence for Burglary rather than his sentence for Attempted Theft;

On October 22, 1982, Smith was convicted of burglary and attempted theft. On November 11, 1982, he received a sentence of 20 years for the burglary, four years for the attempted theft and thirty years for being an habitual offender. On May 14, 1985, Smith's conviction was affirmed by the Indiana Supreme Court in *Smith v. State* (1985) Ind., 477 N.E.2d 857.

Our resolution of this case requires a rather detailed review of the various procedural events occurring between the time of Smith's direct appeal and this appeal. Smith filed a *pro se* petition for post-conviction relief August 6, 1985, alleging that his conviction was in violation of the United States Constitution on the following bases: (a) denial of speedy trial; (b) conflict of interest on the part of the trial judge; (c) failure to grant instructions; (d) double jeopardy; and (e) denial of due process.

On February 5, 1986, Smith, *pro se*, filed an amended petition for post-conviction relief adding a claim of ineffective assistance of trial counsel. On June 3, 1986, while the amended post-conviction petition was pending, Smith, *pro se*, filed a motion to correct erroneous sentence which was denied on June 6, 1986.

An evidentiary hearing was held June 16, 1986. Smith appeared *pro se* at the hearing and testified regarding ineffective assistance of both trial and appellate counsel. At this hearing, Smith failed to offer the record of his original trial into evidence.

On June 18, 1986, the court denied Smith's petition for post-conviction relief finding that the ineffective assistance of trial counsel claim was waived for failure to raise the issue on direct appeal and that Smith had failed to present sufficient evidence of ineffective assistance of appellate counsel.

On June 26, 1986, Smith petitioned for the appointment of counsel which the court granted on November 13, 1986. On February 25, 1987, George Wilder filed his appearance and petitioned for permission to file a belated motion to correct errors under Ind. Post–Conviction Rule 2. The court granted the petition, and Smith, by counsel, filed his belated motion to correct errors.

On the issue of ineffective assistance of counsel, the belated motion to correct errors challenged only the post-conviction court's determination regarding the effectiveness of trial counsel. Smith's belated motion to correct errors did not challenge the court's finding concerning appellate

counsel. The court overruled the belated motion to correct errors without an evidentiary hearing.

The State Public Defender's office was appointed to perfect Smith's appeal, and on October 22, 1987, Deputy Public Defender Hope Fey entered her appearance.

While pursuing this appeal, Smith, by counsel, filed with the trial court a "Combined Verified Motion for Relief from Judgment and Petition to File Belated Motion to Correct Error." One goal of this motion was to enable Smith to re-open the case and offer the transcript of his original trial into evidence. The State was ordered to respond to Smith's motion and did so alleging that since the court held that all issues raised in the post-conviction petition had either been adjudicated or waived, the court's viewing of the record would not serve any purpose. The trial court, without hearing, denied Smith's motion. Smith, by counsel, filed a motion to correct errors addressed to the denial of his motion. This motion to correct errors was denied.

On July 14, 1988, Smith filed a praecipe for the record from the time he filed his Motion for Relief from Judgment. A second appeal was thus instituted.

On August 2, 1988, Smith, by counsel, filed with this court his "Petition for Transmission of Record of Proceedings Filed in Direct Appeal Arising Out of Same Lower Court Cause; or For Remand to the Lower Court." On the same date, Smith also filed with this court his Petition to Consolidate Appeals. The Petition to Consolidate Appeals was granted. With respect to Smith's petition requesting us to either transmit the record from the original trial or to remand to the lower court, this court on October 14, 1988, entered the following order, in relevant part:

"This Court now suspends consideration of this appeal for a period of sixty (60) days from the date of this Order and remands this cause to the Tippecanoe Superior Court, Room 2, with instructions to the Honorable Vincent F. Grogg, Special Judge, to hold a new hearing on the appellant's Petition for Post–Convic-

tion Relief, at which hearing the record of the proceedings from the previous criminal proceedings (Indiana Supreme Court cause number 583–S–168) will be admitted into evidence for consideration by the trial court of the appellant's claim of ineffectiveness of counsel."

Pursuant to that order the Tippecanoe Superior Court held a second evidentiary hearing on Smith's petition for post-conviction relief. The court not only allowed Smith to present the record of his original trial, but also to present evidence on all the issues. The court again denied the petition for post-conviction relief, except to correct the sentence,[1] issuing new Findings of Fact and Conclusions of Law. The court addressed the issues of ineffective assistance of trial and appellate counsel on the merits finding insufficient evidence to prove that either was ineffective. It is from this hearing and judgment that Smith now appeals.

Before addressing the merits of the issues Smith presents, we deem it appropriate to discuss a threshold issue concerning the procedural posture of this appeal.

Our order of remand to the Tippecanoe Superior Court for a hearing at which the record of the original trial was to be admitted for consideration of the claim of ineffectiveness of counsel was granted under the posture of the case presented to us in Smith's petition requesting either transmission of the record or remand. The petition alleged that one aspect of Smith's appeal was whether Smith received the effective assistance of post-conviction counsel in filing the belated motion to correct errors without seeking to reopen the case to get the original trial transcript into evidence. The Petition also contained the following:

"Appellant asserts that transmission of the Record of Proceedings as prayed would best facilitate the sound policy of judicial economy. However, should the Court disagree, Appellant would respectfully suggest that the Court retain jurisdiction over the case and remand it immediately to the lower court so that, in the interests of justice, the Record of

1. With respect to the sentence correction, we separately treat that matter, *infra*.

Proceedings in Cause No. 583 S 168 may be admitted into evidence and thus made a part of this appeal. *See Popplewell v. State* (1986), Ind., 495 N.E.2d 189 (where trial transcript was not introduced into evidence at post-conviction hearing, appropriate disposition was remand to trial court in order to avoid further post-conviction proceedings)." Petition for Transmission of Record at 3.

The *Popplewell* case is similar to the present case in that the defendant in *Popplewell* alleged that his attorney in the first post-conviction proceeding was inadequate because the attorney did not include the transcript of the trial in the record of the post-conviction proceedings. The court remanded that case to the trial court for hearing at which the record of the original proceedings was to be admitted into evidence. In order to review post-conviction counsel's failure to place the record into evidence, it was necessary to have the transcripts on appeal. *Popplewell, supra,* 495 N.E.2d at 192. The court further stated:

"While we would be well within the bounds of due process simply to affirm the trial court on the basis that *Popplewell* did not meet his burden of proving that Wagner [post-conviction counsel] was ineffective, we would fully expect on the horizon *another* appeal from the denial of *another* post-conviction petition alleging current counsel ineffective for not placing the record into evidence at the second post-conviction proceeding." *Id.*

Our order granting a second hearing was based upon our understanding of the status of the proceedings as they were presented to us in Smith's petition. The order indicates a desire to have a simplified resolution of the issues that were viable at the time the petition was filed. However, our analysis of recent cases from our Supreme Court leads to the conclusion that some of the issues which Smith now seeks to present were not viable at the time his petition was filed. Our order granting a second hearing was therefore perhaps improvidently entered. It is understandable how the post-conviction court could have interpreted our order to mean that Smith,

on remand, was entitled to a de novo hearing. However, such was not our intent. Although our precipitous action in issuing such a broad order has resulted in an unnecessary expenditure of time and effort by counsel and the post-conviction court, our intent was not to allow Smith to preserve issues which were otherwise waived. We will therefore proceed accordingly and turn to the issues before us.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

■ Smith argues that he received ineffective assistance of trial and appellate counsel. Smith did not allege ineffective assistance of trial counsel in his direct appeal even though he was represented by different counsel on appeal. Generally, where an issue is available to a defendant on direct appeal but not pursued, it is waived for post-conviction review. *Schiro v. State* (1989) Ind., 533 N.E.2d 1201, *cert. denied* 475 U.S. 1036, 106 S.Ct. 1247, 89 L.Ed.2d 355; *Owensby v. State* (1990) 2d Dist. Ind.App., 549 N.E.2d 407, *trans. denied.*

■ Waiver of an issue may be avoided in a post-conviction proceeding if the failure to present the issue resulted from the "deprivation of the Sixth Amendment right to effective assistance of counsel" or the issue was "demonstrably unavailable to the petitioner at the time of his trial and direct appeal." *Bailey v. State* (1985) Ind., 472 N.E.2d 1260, 1263.

■ Since appellate counsel and trial counsel were different, appellate counsel had the first opportunity to raise trial counsel's inadequacies. Furthermore, although Smith did argue at the post-conviction hearing that his appellate counsel was ineffective, he did not specifically allege that appellate counsel was ineffective for failing to present ineffectiveness of trial counsel on Smith's direct appeal. Therefore, Smith has waived the issue of ineffectiveness of trial counsel.

■ The issue of ineffectiveness of appellate counsel is likewise unavailable to

Smith at this late date. Smith did raise ineffectiveness of appellate counsel at his first post-conviction hearing. The court found insufficient proof on that issue. However, the court's ruling with respect to appellate counsel's performance was not challenged in Smith's belated motion to correct errors. The issue was available at that time and was not raised. It is therefore not available for our review now.

■ Smith does not argue in this appeal that his first post-conviction counsel was ineffective for failing to argue in Smith's belated motion to correct errors that appellate counsel was ineffective. However, we will address the issue now, in order to forestall another post-conviction petition alleging this issue. It is clear from recent Supreme Court opinions that a post-conviction petitioner may not avoid a waiver finding by alleging ineffective assistance of post-conviction counsel in a prior PCR proceeding. *See Resnover v. State* (1989) Ind., 547 N.E.2d 814; *Baum v. State* (1989) Ind., 533 N.E.2d 1200; *Schiro v. State, supra,* 533 N.E.2d 1201. In *Baum* our Supreme Court held that a post-conviction petitioner may not present a collateral attack upon the denial of a previous post-conviction petition. Alleging ineffective assistance of counsel at a previous post-conviction proceeding constitutes such a collateral attack, and therefore "poses no cognizable grounds for post-conviction relief." *Baum, supra,* 533 N.E.2d at 1200.

In *Schiro v. State, supra,* our Supreme Court cited *Alston v. State* (1989) 1st Dist. Ind.App., 521 N.E.2d 1331, with approval for the following proposition:

"The court of appeals recently stated in *Alston v. State* (1988), Ind.App., 521 N.E.2d 1331, 1335, that they would not 'take a step backward and create a new vehicle by which a defendant could use a PCR to attack a previous PCR on the grounds of incompetency of counsel in that PCR hearing, and then use yet a third PCR to attack the competency of counsel in the second PCR and so on in perpetuity.'" *Schiro, supra,* at 1205.

The clear meaning of these cases is that Smith may not avoid a waiver finding by asserting ineffectiveness of post-conviction counsel in a prior post-conviction proceeding. In *Resnover, supra,* our Supreme Court stated "[i]neffective assistance of counsel as an issue is known and available to a party on his direct appeal or in his first post-conviction petition." *Resnover, supra,* 547 N.E.2d at 816. Therefore, Smith is precluded from reaching the issues of ineffectiveness of appellate and trial counsel by alleging ineffective assistance of post-conviction counsel.

## II. SUFFICIENCY OF EVIDENCE IN HABITUAL OFFENDER DETERMINATION

Smith argues that there was insufficient evidence to support the jury's habitual offender finding. Generally we would find this issue to be waived because Smith did not raise the issue on his direct appeal when the issue was first available. *Schiro, supra,* 533 N.E.2d 1201. However, Smith draws our attention to *Williams v. State* (1988) Ind., 525 N.E.2d 1238, in which our Supreme Court held that where the record of the habitual offender proceeding "clearly shows inadequate proof with regard to the chronological sequence of the underlying felonies ... we consider such error to be fundamental," and therefore the fact that the defendant failed to raise it on direct appeal did not waive the court's consideration of that issue. *Id.* at 1241, fn. 1.

■ At the outset, we note that the issue of when "fundamental error" is preserved in a post-conviction proceeding has been treated inconsistently by cases from both this Court and from our Supreme Court. Fundamental error is defined as error which, if not corrected, would deny a defendant fundamental due process. *Morgan v. State* (1989) Ind., 544 N.E.2d 143, *reh. denied.* Generally, the fundamental error doctrine permits a reviewing court to consider the merits of an issue which would otherwise be treated as waived. *See Winston v. State* (1975) 2d Dist., 165 Ind.App. 369, 332 N.E.2d 229.

However, our Supreme Court has altered our understanding of how a post-conviction petitioner may present fundamental error

in a post-conviction proceeding. In *Bailey v. State* (1985) Ind., 472 N.E.2d 1260, 1263, the following pronouncement was made:

"A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature.... [A]ny issue set forth in a post-conviction petition must be raised within the purview of the post-conviction rules, e.g., deprivation of the Sixth Amendment right to effective assistance of counsel, or be an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. Therefore, in a post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the 'free standing' form of an allegation of fundamental error.

\* \* \* \* \* \*

To the extent that this Court has previously stated that fundamental error can be alleged as such at any time, we modify that proposition to the effect that such error must be raised, in a post-conviction petition, within the rules of post-conviction procedure. *See, e.g., Haggard v. State*, (1983) Ind., 445 N.E.2d 969 (fundamental error can be recognized even if not raised in direct appeal); *Griffin* [*v. State* (1982) Ind., 439 N.E.2d 160] (fundamental error can be recognized at any time); *Nelson v. State*, (1980) 274 Ind. 218, 409 N.E.2d 637."

The *Bailey* decision indicates that fundamental error may only be reviewed in a post-conviction proceeding when raised through an allegation of ineffective assistance of counsel or if it was not earlier available. *See also Resnover v. State* (1987) Ind., 507 N.E.2d 1382, *cert. denied* 484 U.S. 1036, 108 S.Ct. 762, 98 L.Ed.2d 779; *Garner v. State* (1990) 2d Dist. Ind. App., 550 N.E.2d 1309 (Sullivan, J. dissenting).

In *Green v. State* (1988) 2d Dist. Ind. App., 525 N.E.2d 1260, *trans. denied,* we held that insufficiency of evidence to support a conviction was fundamental error and was reviewable even in a post-conviction setting. We stated

"We recognize that *Resnover v. State* (1987) Ind., 507 N.E.2d 1382, clearly implies that the post-conviction court will not consider any issue available on direct appeal. It surely does not, however, make the doctrine of fundamental error completely inapplicable in a post-conviction proceeding. *See Lane v. State* (1988) Ind., 521 N.E.2d 947." *Green, supra,* 525 N.E.2d at 1261, fn. 1.

It is not totally clear when, if at all, fundamental error is available in a post-conviction proceeding. This is so even in circumstances in which waiver of the assertion is in issue. In *Propes v. State* (1990) Ind., 550 N.E.2d 755, 759, the Supreme Court stated that "fundamental error is cognizable in a petition for post-conviction relief even absent preliminary proof of ineffective assistance of counsel." In *Palmer v. State* (1990) 2d Dist. Ind.App., 553 N.E.2d 1256, *trans. pending,* we noted that *Propes* impliedly overruled *Bailey.* Nevertheless, in light of our review of the *Schiro, supra,* and *Baum, supra,* cases, we perceive that our Supreme Court is attempting to finalize criminal convictions and discourage collateral attacks by means of continued post-conviction proceedings.

On this issue, however, we are guided by *Williams v. State* (1988) Ind., 525 N.E.2d 1238. Our Supreme Court there held that insufficient proof of the habitual offender status is fundamental error. Accordingly, we will address, on its merits, Smith's allegation of insufficient evidence to support the habitual offender determination.

In post-conviction proceedings, the defendant bears the burden of proving his contentions by a preponderance of the evidence. *Wallace v. State* (1990) Ind., 553 N.E.2d 456; *Young v. State* (1986) Ind., 500 N.E.2d 735. The post-conviction judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Id.; Rufer v. State* (1980) 274 Ind. 643, 413 N.E.2d 880. If relief is denied, the defendant stands in the position of one appealing from a negative judgment. In such cases it is only where

the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion that the decision will be disturbed as being contrary to law. *Wallace, supra; Young, supra.*

The information charged Smith with having the following five previous felony convictions:

1. April 13, 1956—Second degree burglary;
2. May 16, 1962—Second degree burglary;
3. November 5, 1965—Theft by obtaining and exerting unauthorized control;
4. August 8, 1967—Transporting a stolen motor vehicle in interstate commerce; and
5. October 30, 1974—Bank larceny.

The jury found that Smith was convicted and sentenced for all of the foregoing crimes, except for the November 5, 1965 conviction. At the time of the conviction challenged here, as now, a defendant could be sentenced as an habitual offender if the defendant had two prior unrelated felony convictions. I.C. 35–50–2–8 (Burns Code Ed.Supp.1982). Smith argues that there was insufficient evidence as to the August 8, 1967 conviction because Smith was not linked to the records from the United States District for the Eastern District of Oklahoma where the conviction occurred. We agree. The records relating to this conviction do contain the name "Richard Dean Smith". However, there is no other identifying information or circumstantial evidence linking Smith to the documents presented. *See Mickens v. State* (1982) Ind., 439 N.E.2d 591.

We do not however agree with Smith that failure to link the documents concerning the 1967 conviction necessitates reversal. There are three other unrelated felony convictions supporting the jury's determination. Smith argues, citing *Wells v.*

*State* (1982) Ind., 437 N.E.2d 1333, and *Miller v. State* (1981) 275 Ind. 454, 417 N.E.2d 339, that despite the existence of three other prior felony convictions, we must reverse. In both *Wells* and *Miller,* our Supreme Court required reversal of an habitual offender determination on the basis of error in the charging of a predicate felony despite the existence of other predicate felonies to support the habitual offender determination. In reversing, the court in *Miller* stated,

"Notwithstanding that competent evidence was admitted to support a finding that the defendant 'had accumulated two (2) prior unrelated felony convictions,' under this state of the record, it cannot be discerned which of the four alleged prior convictions provided the factual basis for the jury's determination." *Miller, supra,* 417 N.E.2d at 343.

The present case differs from *Miller* and *Wells.* The jury in this case specifically found that four of the five convictions charged supported the habitual offender determination.[2] Therefore, error in the admission of one of the supporting felonies does not give rise to reversal.

Smith also argues that the documents introduced to link Smith to the 1974 bank larceny contained a prejudicial reference to a prison escape. This issue does not relate to whether the evidence was sufficient to support the habitual offender determination. Trial counsel did not object to the reference to the escape at the time the document was offered. Therefore, the issue has been waived. *Schiro, supra,* 533 N.E.2d 1201.

## III. CONFLICT OF INTEREST

Smith next asserts that he was denied a fundamentally fair trial and sentencing due to the trial judge's conflict of interest. Smith acknowledges that this is-

2. The verdict returned by the jury on the habitual offender charge was as follows:

"We the Jury, find the defendant, Richard Dean Smith, was convicted and sentenced for 1. Second Degree Burglary on the 13th day of April, 1956., 2. Second Degree Burglary on the 16th day of May, 1962., 3. The crime of transporting a stolen motor vehicle in interstate commerce on the 8th day of August, 1967, 4. The crime of bank larceny on the 30th day of October, 1974. and that he is guilty as an habitual criminal as charged in Count III of the Information." Trial Record at 172.

sue was presented in his direct appeal and decided adversely to him, but "was not briefed in such a way to preserve the issue for federal review." Brief of Petitioner–Appellant at 30. To the extent that this issue was presented in Smith's direct appeal, he is now barred from raising it under the doctrine of *res judicata*. *Lamb v. State* (1987) Ind., 511 N.E.2d 444. To the extent that the issue was "not briefed in such a way to preserve the issue for federal review," error, if any, has been waived. This issue was available to him at the time of his direct appeal.

## IV. SENTENCING

▮ A. Smith argues that the post-conviction court erred in denying his post-conviction petition on the basis that his sentences for burglary and attempted theft were enhanced by reason of the same predicate felonies which were used to support the habitual offender finding. Smith argues he was subjected to double jeopardy.

Our Supreme Court has decided this issue contrary to the assertion made:

> "[T]he habitual offender sentencing provision is 'neither a separate criminal charge nor an additional penalty for the earlier crimes.' Thus, the use of prior convictions to enhance the sentence for the immediate crime does not constitute a reprosecution for the same offense after a conviction, nor does such use result in multiple punishment for the same offense.
>
> Therefore, enhancing the sentence in this fashion for the immediate crime does not violate double jeopardy. This is true where those prior convictions are used as aggravating circumstances to increase the sentence, ... and where they are used to support the finding that the defendant is a habitual offender." *Griffin v. State* (1981) 275 Ind. 107, 415 N.E.2d 60, 69–70; *see also Calhoun v. State* (1985) Ind., 484 N.E.2d 7.

Smith attempts to distinguish his case on the basis that, in *Griffin* and *Calhoun*, "it was not totally clear whether there might have been other aggravating factors at work" besides the predicate felonies. Brief

of Petitioner—Appellant at 42. Smith argues that in other cases, such as *Travis v. State* (1986) Ind., 488 N.E.2d 342, and *Ross v. State* (1980) 274 Ind. 588, 413 N.E.2d 252, our Supreme Court has implied that the double jeopardy violation is avoided only where factors other than the predicate felonies exist.

Without deciding this issue, we note that the trial court in this case gave the following reason for aggravating Smith's sentence:

> "I do feel that as a[n] aggravating circumstance it is your criminal record, you have been convicted, you've been incarcerated, you've been placed on parole, probation, and apparently that has not been very successful. So, I am going to find that as—there is an aggravating circumstance here in that your extremely long criminal history." Trial Record at 810–811.

Smith's criminal history encompasses more than merely the four felonies which the jury found to support the habitual determination. In *Hoelscher v. State* (1984) Ind., 465 N.E.2d 715, our Supreme Court noted that I.C. 35–38–1–7(b)(2) allows the court to consider a defendant's prior "history of criminal activity" as an aggravating circumstance. The court held that the language of the statute

> "does not limit the court's consideration to prior felony convictions but allows courts to consider misdemeanors and other prior criminal activity which has not been reduced to a conviction but which does indicate a prior criminal history." *Hoelscher, supra*, 465 N.E.2d at 717.

There is therefore no error in Smith's sentence.

B. Smith alleges that the post-conviction court erred in correcting Smith's sentence at the hearing held after remand. Judge Mahanna originally sentenced Smith in the following manner:

> "So, I am going to find that as—there is an aggravating circumstance here in that your extremely long criminal history, and as a result of that, on the count of burglary of a dwelling I'm going to sentence you to the Department of Correction for

a period of twenty years. With regards to the charge—or the conviction of the attempted theft, a class D felony, I am going to sentence you to a period of four years. I'm going to order that the sentence for the Class B felony and the sentence for the Class D felony be served concurrently. With regards to the conviction of being an habitual offender I'm going to sentence you to the Indiana Department of Corrections for a period of thirty years, and by statute that is to be, and I will so order it to be served consecutively to the other sentence." Trial Record at 811.

Smith filed a Motion to Correct Erroneous Sentence apart from his Petition for Post–Conviction Relief. Special Judge Grogg originally denied the Motion to Correct Erroneous Sentence prior to the evidentiary hearing on the post-conviction petition. After we remanded the case for a second hearing, Special Judge Grogg, at Smith's request, corrected Smith's sentence. On that issue, the judgment was:

"That [Smith's] Motion to Correct Erroneous Sentence be granted, and that his sentence herein be corrected to a 20 year sentence for burglary enhanced by a term of 30 years for being found and adjudged as an habitual offender for a term of 50 years, and a 4 year sentence for attempted theft, said sentence of 4 years to run concurrent to said sentence for 50 years." Remand Record at 5.

■ Smith is correct in his assertion that the original sentence was erroneous. Judge Mahanna improperly imposed the habitual offender sentence consecutive to the other two sentences. "Being a habitual offender is not a separate crime for which a defendant is found guilty but rather is a status requiring the trial judge to enhance a penalty already given." *Meiher v. State* (1984) Ind., 461 N.E.2d 115, 117. Sentencing error in this regard may be corrected at any time. *See Gipson v. State* (1986) Ind., 495 N.E.2d 722.

Smith argues that Special Judge Grogg erred in enhancing the burglary conviction rather than the theft conviction. Smith argues that Judge Mahanna intended to enhance the theft sentence because "he stated the thirty years should be served 'consecutively to the other sentence,' an obvious reference to the just mentioned 'period of four years' for Attempted Theft." Brief of Petitioner—Appellant at 25. Our reading of the sentencing record convinces us that Judge Mahanna did not intend to enhance either the burglary or theft sentence. Rather his intent was to impose a separate, consecutive sentence on the habitual offender count. This was the error which Special Judge Grogg corrected.

Smith argues that Special Judge Grogg erred in choosing to enhance the burglary sentence without specifying his reasons for doing so. *Smith v. State* (1986) Ind., 491 N.E.2d 193, is cited for the proposition that the record must show that the trial judge considered the facts of the specific crime and the relation of the sentence to the objectives to be served by the sentence. Smith acknowledges that the *Smith* case involved the trial court's imposition of increased presumptive sentences rather than enhancement by reason of an habitual offender finding. However, Smith argues that the rationale should apply to the court's decision to enhance one conviction rather than another conviction when the defendant has been determined to be an habitual offender. We disagree.

■ When the judge, in his discretion, deviates from a presumptive sentence, he is required to specify what factors support his decision. However, a defendant is determined to be an habitual offender by means of a separate proceeding and determination. The court is required to enhance the underlying conviction by a presumptive additional sentence of 30 years. I.C. 35–50–2–8. If there is more than one underlying conviction, the court must specify which conviction it has enhanced. *See, Collier v. State* (1986) Ind., 498 N.E.2d 1219; *Crank v. State* (1987) 2d Dist. Ind. App., 502 N.E.2d 1355, *trans. denied.* Smith cites us to no authority, nor have we found any, which imposes a presumption in favor of enhancing one conviction rather than another. Since the post-conviction court was not deviating from a presump-

tion by enhancing the burglary conviction rather than the theft conviction, it was not required to specify why one conviction was enhanced instead of the other. The post-conviction court did not err in its modified sentence.

Judgment affirmed.

STATON, J., concurs.

SHIELDS, P.J. concurs with separate opinion.

SHIELDS, Presiding Judge concurring.

I separately concur in the majority opinion only because I believe it is indeed clear "when, if at all, fundamental error is available in a post-conviction proceeding." At 344. Our supreme court's decision in *Propes v. State* (1990), Ind., 550 N.E.2d 755, unequivocally states that "fundamental error is cognizable in a petition for post-conviction relief even absent preliminary proof of ineffective assistance of counsel." 550 N.E.2d at 759. This statement can only mean that a free-standing claim of fundamental error is reviewable in a post-conviction relief proceeding. Then, the supreme court decision in *Hendrix v. State* (1990), Ind., 557 N.E.2d 1012, holds that a free-standing claim of fundamental error is never waived. *Hendrix* is an appeal of an adverse decision in a post-conviction relief proceeding. The petitioner in *Hendrix* had previously had a direct appeal of his conviction, an appeal of a subsequently filed post-conviction relief proceeding and an appeal of a habeas corpus proceeding. Nevertheless, the supreme court, in considering Hendrix' claim his trial counsel was ineffective, in its opinion addressing Hendrix' third post-conviction relief type proceeding, reviewed Hendrix' asserted errors in the quality of his representation by his first post-conviction relief counsel. The court concluded there was "nothing in the record ... to indicate inadequate performance of appellant's first post-conviction relief counsel." At ——. Thus, based upon *Propes* and *Hendrix* I must conclude a free-standing claim of fundamental error is reviewable at any time in any proceeding.

Also, I separately concur because I disagree with the majority addressing any of Smith's non-fundamental error sentencing claims. However, because the majority finds the asserted errors without merit, I concur in their disposition.