21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Solomon D. RICHARDSON, Petitioner-Appellant,
v.
Dan R. McBRIDE and Pamela Carter,[1] Respondents-Appellees.
 No. 93-1726.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided March 17, 1994.
Rehearing Denied June 9, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Solomon D. Richardson, currently an inmate of the Correctional Industrial Complex in Pendleton, Indiana, appeals the dismissal of his petition for habeas corpus, 28 U.S.C. Sec. 2254, on the ground of procedural default. We affirm.
 
 
 2
 In 1976, Richardson was tried and convicted in an Indiana state court of murder in the perpetration of robbery, and was sentenced to life imprisonment. He appealed his conviction to the Supreme Court of Indiana on the grounds that (1) his confession was involuntary, and was obtained in violation of his Miranda rights, and (2) his trial should have been severed from that of his accomplice. The Supreme Court of Indiana affirmed the conviction. Richardson v. State, 373 N.E.2d 874 (Ind.1978). Richardson next filed his first petition for state post-conviction relief, alleging that he had been deprived of effective assistance of trial counsel because of a conflict of interest.[2] The denial of that petition was affirmed on appeal. Richardson v. State, 439 N.E.2d 610 (Ind.1982). Richardson then sought relief pursuant to 28 U.S.C. Sec. 2254, again alleging that his confession should not have been admitted into evidence on the grounds that it was involuntary, and that it was obtained in violation of Miranda. The denial of his first petition for a writ of habeas corpus was affirmed on appeal. Richardson v. Duckworth, 834 F.2d 1366 (7th Cir.1987).
 
 
 3
 In 1988, Richardson filed a second petition for state post-conviction relief, alleging that the instructions given to the jury in his case constituted a fundamental error depriving him of due process,[3] and that his trial attorney was ineffective for failing to make a contemporaneous objection to those instructions. He was permitted to amend his petition to include claims of ineffective assistance of appellate and post-conviction counsel, also premised on their failure to challenge the jury instructions in those proceedings. The state trial court reached the merits of Richardson's petition, determining as a matter of law that the jury instructions did not constitute fundamental error. The Court of Appeals of Indiana, however, refused to reach the merits of Richardson's claim. The court first noted that Richardson's conviction had been affirmed on direct appeal, and that the denial his first petition for state post-conviction relief had also been affirmed. It then stated:
 
 
 4
 While we do not believe that the alleged error would have been deemed fundamental had it been raised on direct appeal under the circumstances of this case, we need not decide the question.
 
 
 5
 The error could obviously have been raised at that time. No reason has been proffered to suggest that it was not available to Richardson at either of his earlier proceedings. Accordingly, the alleged error is not available for review in this proceeding. Bailey v. State (1985), Ind., 472 N.E.2d 1260, 1263; Smith v. State (1990), Ind.App. 559 N.E.2d 338.
 
 
 6
 Richardson v. State, No. 45A03-9008-PC-366, slip op. at 2 (Ind.Ct.App. filed Jan. 15, 1991) (unpublished). On March 11, 1992, the Supreme Court of Indiana denied transfer.
 
 
 7
 Richardson then filed the present petition, alleging that (1) the jury instruction constituted fundamental error, and (2) he was denied effective assistance of counsel at trial, on appeal, and at all levels of collateral review. The district court determined that Richardson had procedurally defaulted on these claims, and had failed to demonstrate cause and prejudice to excuse the default.
 
 
 8
 Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. See Gosnell v. State, 483 N.E.2d 445, 447 (Ind.1985) (citing Ind.R.P.C. 1, Sec. 8); Jewell v. State, 397 N.E.2d 946, 947 (Ind.1979); Cornelius v. State, 575 N.E.2d 20, 21 (Ind.Ct.App.1991). In Bailey v. State, 472 N.E.2d 1260 (Ind.1985), the Supreme Court of Indiana further held that a claim of fundamental error raised for the first time in a petition for post-conviction relief is subject to the rules of post-conviction procedure. Id. at 1263. Under these rules, ineffective assistance of post-conviction counsel does not excuse a petitioner's failure to include all available claims in his first petition for post-conviction relief. Smith v. State, 559 N.E.2d 338, 343 (Ind.Ct.App.1990) (citing Resnover v. State, 547 N.E.2d 814, 816 (Ind.1989), cert. denied, 498 U.S. 881 (1990)). Richardson's procedural default of his present claims is therefore based on "an independent and adequate state procedural rule," which bars federal review unless Richardson can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 9
 Because the Indiana courts have determined that Richardson has procedurally defaulted on his claims by not raising them in his first petition for state post-conviction relief, and we do not recognize a constitutional right to counsel in collateral proceedings, ineffective assistance of post-conviction counsel cannot constitute cause for the default. See id. at 2566-67 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). Nor has Richardson attempted to establish a "miscarriage of justice," which would allow a defaulted claim to be heard if the petitioner shows that he has "a colorable claim of factual innocence." Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992) (citation, internal quotation omitted). As in Coleman, the procedural bar to Richardson's petition is therefore based on an independent and adequate state procedural rule, precluding our consideration of the merits of his claims. 111 S.Ct. at 2565-68.
 
 
 10
 Although a dismissal of a petition for writ of habeas corpus on the ground of procedural default is generally with prejudice, in this case the respondents did not appeal the district court's dismissal without prejudice of Richardson's petition. We therefore affirm the district court in all respects.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(c), we substitute Pamela Carter, Attorney General of Indiana, for her predecessor, Linley E. Pearson
 
 
 [2]
 Richardson also asserted a state law claim that his verdict of not guilty of First Degree Murder was inherently inconsistent with his verdict of guilty of Felony Murder
 
 
 [3]
 See Henderson v. Kibbe, 431 U.S. 145, 154 (1977)