**Hector ORTIZ, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71S00–0002–CR–73.

Supreme Court of Indiana.

April 22, 2002.

Susan K. Carpenter, Public Defender of
Indiana, Lorraine L. Rodts, Deputy Public

Defender, Indianapolis, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

### Case Summary

A jury convicted Hector Ortiz of three counts of Class A felony child molesting, and he pleaded guilty to the status of habitual offender. The trial court sentenced him to an aggregate term of ninety years imprisonment. In this direct appeal, Ortiz raises four issues for review which we rephrase as follows: (1) did the State present sufficient evidence to establish territorial jurisdiction; (2) did the trial court err in failing to instruct the jury on territorial jurisdiction; (3) did the trial court err in denying Ortiz' motion to correct error without first conducting an evidentiary hearing; and (4) did the trial court err in sentencing Ortiz. We affirm the trial court's judgment but revise the sentence.

### Facts

On August 13, 1998, then twelve-year-old H.M. and her younger brother were preparing to walk to a local park when forty-three-year-old Ortiz offered to give them a ride. Ortiz is the ex-boyfriend of H.M.'s mother. H.M. accepted the offer. However, rather than drive to the local park, Ortiz proceeded to a park in another location. Approximately ten minutes into the trip, Ortiz placed his hand on H.M.'s leg, told her to remove her shorts and underwear, and placed his finger in her vagina. Upon arrival at the park, Ortiz kissed H.M., removed her shirt, and fondled her breasts. Shortly thereafter, Ortiz proceeded to drive H.M. and her brother back home. During the drive, Ortiz again

told H.M. to remove her shorts and again placed his finger in her vagina. After arriving at the house, H.M. remained outside for a few minutes talking with a neighborhood friend. In the meantime, Ortiz went inside and waited for H.M. in her bedroom. H.M. entered her home and over her protests, Ortiz told H.M. to remove her shorts and underwear and sit on the edge of the bed. He then performed oral sex on H.M. and engaged her in sexual intercourse.

Ortiz was arrested and charged with three counts of child molesting as Class A felonies.[1] Count I concerned the acts occurring in the car, and counts II and III referred to Ortiz' conduct at H.M.'s home. Ortiz also was charged as a habitual offender. After a trial by jury, he was convicted of the child molesting charges. He then pleaded guilty to the status of habitual offender. The trial court sentenced Ortiz to concurrent thirty-year terms on counts II and III to run consecutively to a thirty-year term on count I. The trial court enhanced count III by an additional term of thirty years for the habitual offender adjudication. This appeal followed in due course. Additional facts are set forth below where relevant.

### Discussion

#### I.

Contesting the sufficiency of the evidence concerning count I only, Ortiz contends the State failed to prove that the act of child molesting occurred in the State of Indiana. Noting that portions of St. Joseph County border the State of Michigan, Ortiz argues H.M. did not testify that the crime occurred in Indiana and the State "offered no other evidence from which a rational trier of fact might infer that the crime was committed in Indiana." Br. of Defendant–Appellant at 25.

---

1. Ind.Code § 35–42–4–3(a).

A person may be convicted of a crime in Indiana if either the conduct or the result that is an element of the offense occurred in Indiana. I.C. § 35–41–1–1(b)(1). Territorial jurisdiction, which relates to the authority of the State to prosecute a person for an act committed within the State's territorial boundaries, is not necessarily thought of as an element of the offense. Nonetheless, we have determined that the State is required to prove territorial jurisdiction beyond a reasonable doubt. *Benham v. State*, 637 N.E.2d 133, 138 (Ind.1994). This is so because "where the law has established the necessity of a certain fact for an accused to be guilty of an offense, the existence of that fact is treated much like an element of the offense." *McKinney v. State*, 553 N.E.2d 860, 863 (Ind.Ct.App.1990) (citing *McGowan v. State*, 267 Ind. 16, 366 N.E.2d 1164, 1165 (1977); *Sumpter v. State*, 261 Ind. 471, 306 N.E.2d 95, 98 (1974); *Young v. State*, 258 Ind. 246, 280 N.E.2d 595, 597 (1972)). Thus, territorial jurisdiction must be proved by the State beyond a reasonable doubt.

In reviewing a claim of insufficient evidence, our standard of review is well settled.[2] We neither reweigh the evidence nor judge the credibility of witnesses. *Warren v. State*, 725 N.E.2d 828, 834 (Ind.2000). Rather, we consider only that evidence which supports the verdict and all reasonable inferences drawn therefrom. *Id.* We will uphold a conviction if there is substantial evidence of probative value from which a jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

H.M. testified that Ortiz first molested her within ten minutes of leaving her home.[3] On direct examination officer Jeffrey Giannuzzi testified that from H.M.'s home, traveling the speed limit, one could not leave the State of Indiana in less than twenty to thirty minutes. On cross-examination the officer conceded the possibility that a person could travel into the State of Michigan from H.M.'s home within twenty to thirty minutes depending on the route taken. According to the officer, "It could be done. I'm not saying that it couldn't be done. It could be done." R. at 669. Seizing on the officer's cross-examination response and directing this Court's attention to an area map that was included in the appendix but not introduced into evidence, Ortiz at one point baldly asserts, "At a speed of forty miles per hour, conservative for much of the distance, Ortiz would have been in Michigan in twelve and one-half minutes." Br. of Defendant–Appellant at 22. At another point he says "it is a matter of common knowledge . . . that a person residing in the [community where H.M. lived] can easily be in the State of Michigan within ten minutes by a variety of routes . . . ." *Id.*

Ortiz' focus on whether a person could cross the Indiana/Michigan border from H.M.'s home in twelve and a half minutes or twenty minutes is quite beside the

---

2. Ortiz contends it is not his intent to raise an issue of state sufficiency law. Rather, according to Ortiz, he is alleging a violation of the Due Process Clause pursuant to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). However, we have observed that the federal standard articulated in *Jackson* "is equivalent to the one we routinely employ in reviewing evidentiary sufficiency." *Bethel v. State*, 730 N.E.2d 1242, 1243 n. 6 (Ind.2000). Thus, we review Ortiz' sufficiency claim relying on Indiana law only.

3. As recited in the Facts section of this opinion, Ortiz twice molested H.M. while in his car: once in route to the park and again after leaving. Both Ortiz and the State concede only the first car molestation was charged in this case and is the subject of count I of the charging information.

point. H.M. testified that Ortiz first molested her within ten minutes of leaving her home. As for Ortiz' assertion that a person residing in H.M.'s community could arrive in Michigan within ten minutes, this is essentially an invitation for this Court to reweigh the evidence. We decline. The State presented sufficient evidence to establish that Ortiz molested H.M. within the territorial jurisdiction of Indiana.

## II.

 In a related argument, Ortiz complains the trial court failed to give the jury an instruction on the issue of territorial jurisdiction. This claim is unavailing. When the asserted error is failure to give an instruction, "[A] tendered instruction is necessary to preserve error because, without the substance of an instruction upon which to rule, the trial court has not been given a reasonable opportunity to consider and implement the request." *Mitchell v. State*, 742 N.E.2d 953, 955 (Ind.2001) (quoting *Scisney v. State*, 701 N.E.2d 847, 848 n. 3 (Ind.1998) (distinguishing between failing to give an instruction versus giving an erroneous one)). Failure to tender an instruction results in waiver of the issue for review. Acknowledging that he failed to tender his own instruction, Ortiz attempts to avoid waiver by asserting fundamental error.

 The fundamental error doctrine provides a vehicle for the review of error not properly preserved for appeal. In order to be fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. *Pope v. State*, 737 N.E.2d 374, 380 (Ind.2000), *reh'g denied*. The error must be so prejudicial to the defendant's rights as to make a fair trial impossible. *Id.* In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. *Id.* Harm is not shown by the fact that the defendant was ultimately convicted. *Id.* Rather, harm is determined by whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled. *Id.*

 Although the State must prove territorial jurisdiction beyond a reasonable doubt, that does not necessarily mean that a defendant is entitled to a jury instruction on the issue. This point was made clear in *McKinney v. State*, 553 N.E.2d 860 (Ind. Ct.App.1990). In that case, the defendant was charged with murder, but there was a dispute concerning whether the crime occurred in Ohio or Indiana. After the State had begun to present its case in chief, the defendant moved to dismiss the charge on grounds of lack of territorial jurisdiction. The trial court denied the motion, and the defendant thereafter submitted a jury instruction on the issue. The instruction was rejected, and the jury convicted the defendant as charged. The Court of Appeals reversed, determining that the jury "should have been instructed on the necessity of establishing territorial jurisdiction." *Id.* at 865. Although the case itself does not explicitly make the point, the Court apparently reached this determination because the question of jurisdiction was challenged from the very beginning of trial, and there was conflicting evidence and inferences on the question of jurisdiction. The Court held "[b]ecause the prosecution must prove territorial jurisdiction, the issue must be submitted to the jury unless the court determines no reasonable jury could fail to find territorial jurisdiction beyond a reasonable doubt." *Id.* at 863–64. Another way to make the same point, and the position this Court endorses today, is

that if there is no serious evidentiary dispute that the trial court has territorial jurisdiction, then a special instruction on territorial jurisdiction need not be given to the jury. This view is consistent with those states that have addressed the issue and submit the issue of territorial jurisdiction to the jury.[4] *See, e.g., Colorado v. Cullen,* 695 P.2d 750, 751 (Colo.Ct.App. 1984) (stating that the issue of territorial jurisdiction must be submitted to the jury with an appropriate instruction if territorial jurisdiction depends upon the resolution of disputed facts, but there is no error in not submitting the issue to the jury if the facts overwhelmingly support jurisdiction); *Johnson v. Florida,* 465 So.2d 499, 504 (Fla.1985) (holding that it was not necessary to give a special instruction on territorial jurisdiction when all the physical and circumstantial evidence indicated that all elements of the offense occurred in Florida with the only conflicting evidence being defendant's bare assertion that the acts took place outside the state), *overruled on other grounds by In re Instructions in Criminal Cases,* 652 So.2d 814, 815 (Fla. 1995); *Pennsylvania v. Bighum,* 452 Pa. 554, 307 A.2d 255, 259 (1973) ("Where the facts overwhelmingly support jurisdiction, it is certainly not basic and fundamental error not to charge the jury on the issue."), *abrogated on other grounds by Pennsylvania v. Randall,* 515 Pa. 410, 528 A.2d 1326, 1329 (1987).

■ In this case, there was no serious evidentiary dispute concerning territorial jurisdiction. Not only was there sufficient evidence to prove the molestations occurred in Indiana, but also Ortiz never contested jurisdiction at trial. His defense was that he committed no crime, that H.M. lied under oath, and that H.M.'s mother was angry because he discontinued their relationship. We conclude that no fundamental error occurred on this issue.

### III.

Ortiz filed a motion to correct error with the trial court that included a supporting affidavit. His sole allegation of error was that he was denied a fair trial when one of the jurors failed to disclose that she knew Ortiz and his family and that the same juror at one time had an adverse confrontation with Ortiz at the juror's place of employment. The trial court denied the motion in a two-and-a-half page order. In this appeal, Ortiz does not appear to contest the merits of the trial court's denial. Rather, he complains the trial court should have conducted a hearing before ruling on the motion.[5]

■ This Court has long and consistently held that a trial court is not required to hold an evidentiary hearing on a motion to correct error. *See Callahan v. State,* 527 N.E.2d 1133, 1138 (Ind.1988); *Calhoun v. State,* 484 N.E.2d 7, 10 (Ind. 1985); *Douglas v. State,* 441 N.E.2d 957, 962 (Ind.1982); *Keys v. State,* 271 Ind. 52, 390 N.E.2d 148, 151 (1979). Rather, Criminal Rule 17 and Trial Rule 59(H) contemplate filing affidavits that set forth suffi-

---

4. In some states, territorial jurisdiction is considered a question of law to be decided by the court. *See, e.g., Connecticut v. Beverly,* 224 Conn. 372, 618 A.2d 1335, 1338 (1993); *New Jersey v. Reldan,* 185 N.J.Super. 494, 449 A.2d 1317, 1324 (App.Div.1982).

5. Ortiz talks about the merits of the trial court's order. However, he continues:

> Ortiz is not claiming a right to peremptorily challenge [the juror] or a new trial due to juror misconduct but the right to an evidentiary hearing to determine the existence of actual bias.... [T]he possibility of [a biased] juror presents a question of serious error which cannot be resolved by the trial court properly in the exercise of discretion without an evidentiary hearing....
> Br. of Defendant–Appellant at 44–45.

cient grounds in support of a motion to correct error. *Kindred v. State*, 521 N.E.2d 320, 329 (Ind.1988). The trial court may then rule on the merits of the motion without the necessity of an evidentiary hearing. *Id.* In this case, the affidavit was sufficient to support Ortiz' motion, and the trial court entered its ruling based on the allegations contained therein. There was no error committed by the trial court in failing to hold an evidentiary hearing.

## IV.

Finally, Ortiz argues the trial court erred in ordering his sentences to run consecutively because it failed to find aggravating circumstances. The State concedes this point.

In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance. *Jones v. State*, 705 N.E.2d 452, 455 (Ind.1999). When a trial court imposes consecutive sentences, when not required to do so by statute, this Court will examine the record to insure that the trial court explained its reasons for selecting the sentence imposed. *Evans v. State*, 727 N.E.2d 1072, 1082 (Ind.2000). The trial court's statement of reasons must include: (1) the identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Id.; Mitchem v. State*, 685 N.E.2d 671, 678 (Ind.1997); *Henderson v. State*, 489 N.E.2d 68, 71–72 (Ind.1986). When imposing consecutive sentences in this case, the trial court declared, "[I]t's because of the fact that those sets of circumstances were totally different at the time that those offenses occurred. And to that extent, it adds insult to the injury." R. at 843–44. This articulation falls short of the requirement that a trial court's sentencing statement identify, explain, and evaluate any aggravating circumstances used to impose consecutive sentences. I.C. § 35–50–1–2; *Evans*, 727 N.E.2d at 1082.

Upon determining that a trial court improperly applied a justification for enhanced or consecutive sentences, we are not required to remand for resentencing. Rather, this Court may exercise its authority to review and revise the sentence. *Sanquenetti v. State*, 727 N.E.2d 437, 443 (Ind.2000). We exercise that authority here and revise the trial court's sentencing order to provide that the thirty-year sentences for each count of child molesting run concurrently. The remainder of the sentencing order is left undisturbed.

### Conclusion

We revise the trial court's sentencing order. In all other respects, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.