**Lucio GARCIA, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–1005–PC–597.

Court of Appeals of Indiana.

Nov. 12, 2010.

Transfer Denied Jan. 6, 2011.

Susan K. Carpenter, Public Defender of Indiana, Anne Murray Burgess, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney

General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Lucio Garcia appeals the denial of his petition for post-conviction relief. Garcia contends that the post-conviction court erroneously determined that he did not receive the ineffective assistance of trial and appellate counsel. Finding no error, we affirm.

## FACTS

The facts underlying Garcia's convictions, as described in Garcia's direct appeal, are as follows:

> Between December 31, 2004, and January 29, 2005, Garcia engaged twelve-year-old A.S. in sexual intercourse on three occasions. At the time, Garcia was thirty-two years old and had led A.S. to believe that they were "boyfriend-girlfriend." On February 2, after receiving a report that A.S. may have been raped, Detective Steve Buchanan of the Indianapolis Police Department interviewed A.S. and learned of her relationship with Garcia.
>
> On February 14, the State charged Garcia with three counts of child molesting, each as a Class A felony. The State subsequently amended the charging information to include three counts of attempted sexual misconduct with a minor, each as a Class B felony. . . .
>
> Garcia's trial occurred on August 8, 2006, in which the State called A.S. and Detective Buchanan as witnesses. A.S. testified that on each of the three dates in question, Garcia engaged her in sexual intercourse. . . .

*Garcia v. State*, No. 49G02–0502–FA–21916, 2007 WL 1775377 at *1, 868 N.E.2d 926 (Ind. Ct.App. June 21, 2007). The jury found Garcia guilty as charged, and the trial court merged the attempted sexual misconduct with a minor convictions into his child molestation convictions. Following a sentencing hearing, the trial court sentenced Garcia to twenty-year terms on each of the child molesting convictions, with two of the terms to run consecutively, for an aggregate forty-year term. Garcia appealed, and this court affirmed. *Id.*

On October 4, 2007, Garcia filed a pro se petition for post-conviction relief, later filing an amended petition after retaining counsel. Garcia contended that his appellate counsel was ineffective for failing to contend that the child molesting convictions should have been overturned because, by convicting Garcia of attempted sexual misconduct with a minor, the jury found beyond a reasonable doubt that Garcia believed that A.S. was fourteen years of age. Garcia also claimed that appellate counsel should have challenged the consecutive twenty-year terms imposed by the trial court. Finally, Garcia argued that trial counsel was ineffective for failing to bring caselaw to the trial court's attention that tends to suggest that consecutive sentences would be disfavored under these circumstances. Following a hearing, the post-conviction court denied Garcia's petition on April 8, 2010. Garcia now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Perry v. State*, 904 N.E.2d 302, 307 (Ind.Ct.App.2009), *trans. denied.* When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Perry*, 904

N.E.2d at 307. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

## II. Assistance of Counsel

### A. Defendant's Burden

When making a claim of ineffective assistance of counsel, the defendant must first show that counsel's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Pinkins v. State,* 799 N.E.2d 1079, 1093 (Ind.Ct.App.2003). This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *Id.* at 687–88, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance resulted in prejudice—in other words, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. If a claim of ineffective assistance can be disposed of by analyzing the prejudice prong alone, we will do so. *Wentz v. State,* 766 N.E.2d 351, 360 (Ind.2002).

Claims of ineffective assistance of appellate counsel are reviewed using the same standard applicable to claims of trial counsel ineffectiveness. *Bieghler v. State,* 690 N.E.2d 188, 193 (Ind.1997). Ineffectiveness is rarely found when the issue is the failure to raise a claim on direct appeal. *Id.*

### B. Appellate Counsel

#### 1. Inconsistent Verdicts

Garcia first argues that his appellate counsel was ineffective for failing to challenge his child molesting convictions. It is a defense to child molesting that the defendant believed the victim to be fourteen years of age or older. *T.M. v. State,* 804 N.E.2d 773, 774–75 (Ind.Ct.App.2004).

Here, Garcia was also convicted of three counts of attempted sexual misconduct with a minor. The jury was instructed on this offense as follows:

> Before you may convict the Defendant of Attempted Sexual Misconduct With a Minor, as charged in Count IV, the State must have proved each of the following elements beyond a reasonable doubt.
>
> 1. The Defendant, Lucio Garcia
> 2. acting with the culpability required to commit the crime of Sexual Misconduct With a Minor
> a. intentionally
> b. performed or submitted to sexual intercourse
> c. with [A.S.]
> d. the defendant, Lucio Garcia, was at least twenty-one (21) years of age and
> e. *believed [A.S.] to be fourteen (14) years of age*
> 3. did place his penis in the vagina of [A.S.]
> 4. which was conduct constituting a substantial step toward the commission of the crime of Sexual Misconduct With a Minor.

Appellant's App. p. 140–41 (emphasis added). Therefore, by convicting Garcia of this crime, the jury necessarily found beyond a reasonable doubt that he believed that A.S. was fourteen years old, which is a defense to the child molesting conviction.

Although Garcia attempts to frame his argument in other ways, what he argues, in essence, is that his appellate counsel

should have challenged these verdicts as inconsistent. Very recently, our Supreme Court held that "jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." *Beattie v. State,* 924 N.E.2d 643, 649 (Ind.2010). Although *Beattie* had not been handed down at the time of Garcia's direct appeal, we now know that even if Garcia's appellate counsel had raised this issue, our Supreme Court would have declined to address this claim of inconsistent verdicts. Consequently, Garcia cannot establish prejudice as a result of counsel's failure to raise the claim on appeal, and we decline to reverse on this basis.

### 2. Sentencing

 Garcia also argues that appellate counsel was ineffective for failing to make an argument regarding the two consecutive sentences imposed by the trial court. He directs our attention to a number of cases in which our Supreme Court ordered consecutive sentences in child molesting cases to run concurrently. *Estes v. State,* 827 N.E.2d 27, 29 (Ind.2005) (revising 267–year term to 120 years); *Serino v. State,* 798 N.E.2d 852, 856 (Ind.2003) (revising 385–year term to three consecutive standard terms, or 90 years total); *Ortiz v. State,* 766 N.E.2d 370, 377 (Ind.2002) (revising consecutive thirty-year terms to run concurrently); *Walker v. State,* 747 N.E.2d 536, 538 (Ind.2001) (consecutive forty-year sentences for two counts of child molestation ordered to be served concurrently).

Garcia was sentenced on three convictions for class A felony child molesting. At that time, the "presumptive" term for a class A felony was thirty years, with a maximum of fifty and a minimum of twenty years. I.C. § 35–50–2–4 (Burns 2004). Had the trial court imposed three fully executed consecutive terms, therefore, Garcia faced a maximum of 150 years im-

prisonment. Instead, the trial court elected to impose twenty-year sentences, which is the minimum term. Furthermore, it chose to run only two, rather than all three, of the terms consecutively. Consequently, Garcia received an aggregate term of 40 years, which is still ten years less than the maximum possible term he faced for one conviction alone, and far less than the possible maximum term of 150 years.

 To impose consecutive sentences, the trial court must identify at least one aggravating circumstance. *Ortiz,* 766 N.E.2d at 377. The record herein reveals that one of the instances of sex between Garcia and his twelve-year-old victim took place in the presence of Garcia's one-year-old nephew. That fact constitutes a proper statutory aggravator; consequently, that requirement was met. Ind.Code § 35–38–1–7.1(a)(4)(B).

Additionally, Garcia made his young victim wait alone in his car before joining him in their hotel room, persisted when she initially declined to have sex, and dropped her off away from her home when they were finished. Thus, the nature and circumstances of the offenses were an additional aggravator that supported the imposition of consecutive sentences.

 Finally, Garcia's criminal history included a conviction for driving under the influence in Georgia, charges of battery with family violence, battery, and operating a vehicle while intoxicated that were ultimately dismissed, and a charge of failure to stop after an accident that was pending at the time Garcia was sentenced herein. It is well established that past wrongs may be considered as part of sentencing even if they did not result in convictions. *Cotto v. State,* 829 N.E.2d 520, 526 (Ind.2005). Although his criminal history, alone, may not have justified consecu-

tive sentences, it provides additional support for the trial court's decision to do so.

█ We acknowledge that the above authority cited by Garcia could have led this court to revise his sentence. It is equally likely, however, that we would have affirmed the sentence given the above-discussed aggravators, his criminal history, and the fact that the trial court imposed less than the presumptive term for the individual sentences. To establish ineffective assistance of counsel for failing to raise an issue on appeal, Garcia is required to show that the unraised issue is "clearly stronger" than the issues that were presented. *Bieghler*, 690 N.E.2d at 194. We conclude that Garcia has not met that burden. Garcia must also establish that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court, and we conclude that he has not met that burden either. Consequently, we decline to reverse on this basis.

### C. Trial Counsel

█ Finally, Garcia contends that his trial counsel was ineffective for failing to bring the *Walker/Ortiz* line of cases to the trial court's attention at sentencing, argu-ing that if counsel had done so, he would not have received consecutive sentences. As noted above, it is possible that the trial court would have imposed different sentences had counsel brought these cases to its attention. It is equally possible, however, that the result would have been the same, for all of the reasons discussed above.

In other words, we cannot find that there is a reasonable probability that the result would have been different. Therefore, Garcia has failed to establish prejudice and has also failed to show that the evidence unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Consequently, we decline to reverse the post-conviction court on this issue.

The judgment of the post-conviction court is affirmed.

NAJAM, J., and MATHIAS, J., concur.