## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2018, 9:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John L. Tompkins | Curtis T. Hill, Jr. |
| The Law Office of John L. Tompkins | Attorney General of Indiana |
| Indianapolis, Indiana | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randall S. Slaten, | January 23, 2018 |
| *Appellant-Defendant*, | Court of Appeals Case No. 55A01-1707-CR-1534 |
| v. | Appeal from the Morgan Superior Court |
| State of Indiana, | The Honorable Brian H. Williams, Judge |
| *Appellee-Plaintiff*. | Trial Court Cause No. 55D02-1511-F3-1652 |

**Brown, Judge.**

[1] Randall S. Slaten appeals his conviction for robbery as a level 3 felony. Slaten raises one issue which we revise and restate as whether the trial court committed fundamental error in instructing the jury. We affirm.

## Facts and Procedural History

[2] Slaten's girlfriend worked at the Woodchuck IGA in Morgantown, Indiana, and Slaten exchanged messages with John Nocito about robbing the store and asked if he had a weapon. On August 30, 2015, Nocito entered the Woodchuck IGA with a handgun, fired the gun, and took property from the store.

[3] On November 24, 2015, the State charged Slaten with aiding, inducing, or causing armed robbery as a level 3 felony. A jury trial was held in May 2017. In its final instructions to the jury, the trial court read Final Instruction No. 6, to which Slaten did not object. The instruction provided that, before the jury may convict Slaten, the State must have proved that Slaten knowingly aided, induced, or caused Nocito to commit the offense of robbery by providing information to Nocito concerning procedures and/or locations inside the store, identifying to Nocito times when larger sums of money would be at the store, and/or recruiting Nocito to commit the robbery. The jury found Slaten guilty as charged.

## Discussion

[4] The issue is whether the trial court committed fundamental error in instructing the jury. Final Instruction No. 6 states:

Aiding, inducing or causing Robbery is defined by law as follows:

A person who, knowingly or intentionally aids, induces or causes another person to commit an offense commits that offense. A person may be convicted of aiding, inducing or causing Robbery even if the other person has not been prosecuted for the Robbery, has not been convicted of the Robbery, or has been acquitted of the Robbery.

Before you may convict the Defendant, the State must have proved each of the following Five (5) elements beyond a reasonable doubt:

1. The Defendant

2. Knowingly

3. Aided or induced or caused

4. John A Nocito to commit the offense of Robbery, defined as

   A. John A Nocito

   B. Knowingly

   C. took property from Morgantown IGA

   D. by using or threatening the use of force on Wilma Floyd, and

   E. when committing the offense, John A Nocito was armed with a deadly weapon, a handgun.

5. by the Defendant's:

   A. Providing information to John A. Nocito concerning procedures and/or locations inside the Morgantown IGA and/or

B.   Identifying to John A. Nocito times when larger sums of money would be at the Morgantown IGA and/or

C.   Recruiting John A. Nocito to commit the robbery at the Morgantown IGA.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of aiding, inducing, or causing Robbery, a Level 3 felony, charged in Count 1.

Appellant's Appendix Volume 2 at 104.

[5]   Slaten asserts that Final Instruction No. 6 failed "to explain how the jury must or may approach choosing among or combining the options presented in the disjunctive within paragraphs 3 and 5" and that the instruction "misleads the jury by erroneously telling the jury that they may pick from any of the three alternative offense elements in paragraph 3, and that they may also pick any one or any combination of the three sub elements in paragraph 5, without ever coming to an agreement as a group about which alternative elements are being found." Appellant's Brief at 11. He argues the error in Final Instruction No. 6 denied him due process and amounts to fundamental error. The State maintains that the trial court did not commit error because the jury does not have to unanimously agree on the theory of the defendant's culpability, that the jury did not have to unanimously agree about how the State proved the third and fifth elements in Final Instruction No. 6, and that there was only room for the jury to disagree about how Slaten aided, induced, or caused robbery, so the trial court did not have to give a specific unanimity instruction.

[6]     At a pre-trial hearing, the trial court stated that the prosecutor had "supplied language . . . as to what he thought the aiding, including act would be and it is one of three" and "[t]here are three things he has proposed . . . and they are in what I would call, the disjunctive—like any one of the above." Transcript Volume II at 3. In his brief, Slaten states that neither party objected to the instruction or offered an alternative to it at any stage. His defense counsel did not object to the final jury instructions at trial. Because Slaten did not object to Final Instruction No. 6 or offer an alternative instruction, he has waived his challenge to the instruction. *See Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011) (holding that the defendant had not objected to the trial court's instruction or offered an instruction of his own and accordingly had waived the issue) (citing *Mitchell v. State*, 726 N.E.2d 1228, 1241 (Ind. 2000) (noting "a defendant who fails to object to an instruction at trial waives any challenge to that instruction on appeal") (citing Trial Rule 51(C)), *reh'g denied*; *Ortiz v. State*, 766 N.E.2d 370, 375 (Ind. 2002) ("Failure to tender an instruction results in waiver of the issue for review.")). We will review an issue that was waived at trial if we find fundamental error occurred. *Id.* In order to be fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. *Id*. The error must be so prejudicial to the defendant's rights as to make a fair trial impossible. *Id.* In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. *Id.* at 1178-1179. Harm is not shown by the fact that the defendant was ultimately convicted. *Id.* at 1179. Rather, harm is

determined by whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled. *Id.*

[7] Slaten has not demonstrated that fundamental error occurred. A jury must unanimously agree regarding which crime a defendant committed, and each count of an information may only include a single offense. *State v. Sturman*, 56 N.E.3d 1187, 1203 (Ind. Ct. App. 2016) (citations omitted). Thus, an instruction which allows the jury to find a defendant guilty if he commits either of two or more underlying acts, either of which is in itself a separate offense, is ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense. *Id.* Nevertheless, the State is permitted to "allege alternative means or 'theories of culpability' when prosecuting the defendant for a single offense." *Id.* (citing *Baker*, 948 N.E.2d at 1175 (citation omitted)). In other words, the State is permitted to "present the jury with alternative ways to find the defendant guilty as to *one element.*" *Id.* (brackets omitted) (citing *Baker*, 948 N.E.2d at 1175 (quoting *Cliver v. State,* 666 N.E.2d 59, 67 (Ind. 1996) ("In criminal cases, as in all litigation, different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.") (citation and internal quotation marks omitted))). "[W]hile jury unanimity is required as to the defendant's guilt, it is not required as to the theory of the defendant's culpability." *Taylor v. State*, 840 N.E.2d 324, 333 (Ind. 2006).

[8]     In *Taylor*, the State pursued two theories on how the defendant could be guilty of murder, either by killing the victim or by aiding and abetting another person to kill the victim. *Id*. at 331. The defendant argued in part that the jury should have been instructed that, in order to convict him of murder, the verdict had to be unanimous on one of the two prosecution theories. *Id*. at 332. The Court observed that the jury had to determine only whether the defendant committed one act of murder, stated that there were two different theories upon which the jury could have found that the defendant committed this one act, either as the principal or an accomplice, and noted that the defendant would have been equally guilty of murder whether he acted as the principal shooter or merely an accomplice. *Id*. at 333.

[9]     In *Sturman*, the State charged the defendant with multiple counts of reckless homicide and issuing an invalid prescription, and the defendant argued that the method of charging him allowed for non-unanimous jury verdicts. 56 N.E.3d at 1202-1203. We observed that, within each charge for reckless homicide, the State alleged "alternative means" by which the reckless homicide was committed, namely, by issuing prescriptions "for Methadone, Dilaudid, *and/or* Valium without medical legitimate purpose and outside the usual course of practice." *Id*. at 1204. We held in part that, so long as each juror was convinced beyond a reasonable doubt that the defendant was guilty of reckless homicide, the jury need not have decided unanimously by which theory he was guilty. *Id*. (citing *Taylor*, 840 N.E.2d at 333-334).

Final Instruction No. 6 expressly states that, before the jury could convict Slaten, the State must have proved each of the five elements beyond a reasonable doubt. As for the requirement that the jury determine beyond a reasonable doubt that Slaten aided, induced, or caused another person to commit the robbery offense, we observe that Final Instruction No. 6 provided "alternative ways" or "alternative means" by which Slaten aided, induced, or caused Nocito to commit the offense. In particular, the instruction required the jury to find that the State proved beyond a reasonable doubt that Slaten aided, induced, or caused Nocito to commit the offense by Slaten performing one or more of the alleged actions of "[p]roviding information to John A. Nocito concerning procedures and/or locations inside the Morgantown IGA," "[i]dentifying to John A. Nocito times when larger sums of money would be at the Morgantown IGA," or "[r]ecruiting John A. Nocito to commit the robbery at the Morgantown IGA." Appellant's Appendix Volume 2 at 104. The conjunctions "and/or" in the fifth paragraph of the jury instruction merely presented the jury with alternative ways or means to find Slaten guilty as to one element. The jury need not have decided unanimously by which theory or alternative means Slaten was guilty. The trial court did not commit fundamental error in instructing the jury. *See Cliver*, 666 N.E.2d at 67 (noting that the defendant argued that the specification of alleged overt acts, connected by the conjunction "or," made it possible for different individual jurors to reach a guilty verdict upon different bases, thus making it impossible to determine whether the jury returned a unanimous verdict, and holding that the State merely presented the jury with alternative ways to find the defendant guilty as

to one element and that no error occurred); *Sturman*, 56 N.E.3d at 1203-1204 (noting the State is permitted to present the jury "with alternative ways to find the defendant guilty as to *one element*," observing that the State alleged "alternative means" by which the offenses were committed by alleging the defendant issued prescriptions "for Methadone, Dilaudid, *and/or* Valium," and holding that the jury need not have decided unanimously by which theory the defendant was guilty).

## *Conclusion*

For the foregoing reasons, we affirm Slaten's conviction.

Affirmed.

Baker, J., and Riley, J., concur.