# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2019, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Randy James Dean,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 3, 2019

Court of Appeals Case No.
19A-CR-1371

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1810-F4-3784

**May, Judge.**

[1] Randy James Dean appeals his sentence for Level 4 felony child molesting.[1] He raises one issue on appeal, which is whether his eight-year sentence is inappropriate given the nature of his offense and his character. We affirm.

## Facts and Procedural History

[2] In January 2016, Dean, his nine-year-old stepdaughter, R.F., and R.F.'s siblings were in a bedroom watching television. While R.F. was laying on the bed under a blanket, Dean took her hand, guided it into his pants, and had her touch his penis. He also reached into R.F.'s pants and touched her vagina. Dean stopped when R.F.'s siblings turned around to look at them. R.F. also saw Dean reach into her younger sister's pants on the same day.

[3] On October 19, 2018, the State charged Dean with two counts of Level 4 felony child molesting. Dean was arrested and incarcerated at the Vigo County Jail for approximately two months before he was transferred to Vigo County Community Corrections to participate in a pre-trial work release program. On March 28, 2019, Dean entered into a plea agreement whereby he agreed to plead guilty to one count of Level 4 felony child molesting on the condition that his sentence not exceed eight years.

[4] On May 8, 2019, the trial court held a change of plea hearing. Dean pled guilty to one count of Level 4 felony child molesting, and the State dismissed the

---

[1] Ind. Code § 35-42-4-3.

other count. At the change of plea hearing, the victim read a letter to the judge. She spoke about how the incident upset her, how she thought the molestation was her fault, and that she was scared to tell anyone about what happened. She described Dean as "like a father to [her.]" (Tr. Vol. II at 11.)

[5] At the hearing, Dean noted his lack of criminal history, his compliance with the terms of pre-trial work release, and his continued payment of child support. He read a letter to the court in which he professed to have learned a lot through his incarceration. He explained:

> It was as if my life stopped while the rest of the world continued to revolve. I lost most of my family and friend [sic]. . .While being incarcerated I have lost love [sic] ones and I have been unable to attended [sic] their funerals. I have missed out on birthdays and holidays.

(*Id.* at 22.) Dean also read a short apology to the victim.

[6] The trial court pronounced Dean's sentence at a hearing on May 15, 2019. The trial court's sentencing order states:

> The following aggravating factors are established: the victim was less than twelve (12) years of age, and at the age of nine (9) she was significantly younger than the element of the offense age of fourteen (14) when defendant preyed upon her; as the victim's step-father, defendant had the trust, care, custody and control of the victim . . .
>
> There is evidence in mitigation in defendant's lack of a criminal history. The court also finds in mitigation defendant's acceptance of responsibility and his expression of remorse. The

> evidence does not support a finding in mitigation that imprisonment will result in an 'undue hardship' to defendant's dependents. Defendant asserts in mitigation he is likely to respond affirmatively to probation or short term imprisonment based on his lack of violations while in work release, and that he has done well at his current employment. While some mitigation may be appropriate, defendant's demeanor while testifying gave context to his words. A context that portrayed little in the way of improvement or progress, and more that he was just doing what was necessary not to violate.

(App. Vol. II at 84.) The court also addressed Dean's proposed mitigating circumstances – the crime was the result of circumstances unlikely to recur, and Dean's character and attitude make it unlikely he will commit another offense. The court found Dean's focus to be primarily on what he lost as a result of incarceration rather than the impact his actions had on the victim. The trial court imposed an eight-year sentence, with four years executed in the Indiana Department of Correction, two years executed on work release, and two years suspended to formal probation.

# Discussion and Decision

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. R. 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not

to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[8] A Level 4 felony is punishable by a fixed term of imprisonment between two years and twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. Dean's plea agreement called for a maximum sentence of eight years. Thus, his eight-year sentence is consistent with the statute and his plea agreement. While the plea agreement did not specify the manner in which Dean was to serve his sentence, the trial court did not impose a fully-executed sentence. The court allowed Dean to serve a portion of his sentence on work release and suspended two years of his sentence to probation. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) ("Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.").

[9] Dean argues the nature of his offense is typical of a Level 4 felony child molestation conviction and does not justify a sentence above the advisory sentence. We disagree. While it is an element of Level 4 felony child molesting that the victim be under fourteen years old, the court may consider the age of the victim to be an aggravating circumstance when imposing sentence if the victim was less than twelve at the time of the offense. Ind. Code § 35-38-1-

7.1(3). Dean's victim was only nine years old. Further, another statutorily-available aggravating circumstance is that the offender "was in a position having care, custody, or control of the victim of the offense." Ind. Code § 35-38-1-7.1(8). Dean was R.F.'s stepfather, and he took advantage of that position of trust to molest her. Dean's act of guiding R.F.'s hand into his pants would have been sufficient to meet the elements for child molesting, but Dean also reached into R.F.'s pants. Also, Dean committed his crime while other children were in the bedroom, and he only stopped when the other children turned around and looked at him and R.F. *See Garcia v. State*, 936 N.E.2d 361, 365 (Ind. Ct. App. 2010) (noting that defendant's act of committing child molesting in the presence of a one-year-old was an aggravating circumstance), *trans. denied*. All these circumstances make Dean's offense more egregious than the typical Level 4 felony child molestation.

[10] Further, Dean argues his character does not require an enhanced sentence. He asserts he accepted responsibility for his actions by pleading guilty. However, a court may consider a defendant's acceptance of responsibility not significant when the defendant receives a substantial benefit by pleading guilty. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). Dean received a benefit from pleading guilty because the State agreed to dismiss one count of Level 4 felony child molesting, and the plea agreement provided he would not receive the maximum possible sentence for his crime. Dean also notes his lack of criminal history, his expression of remorse, and his compliance with the terms of his pre-trial work release program. The trial court considered each of these factors in

sentencing Dean. We note the trial court's observation that Dean's demeanor while testifying "portrayed little in the way of improvement or progress, and more that he was just doing what was necessary not to violate." (App. Vol. II at 84.) Also, Dean's testimony at sentencing focused primarily on what incarceration had cost him rather than on his recognition of and regret for the harm his criminal actions caused. We therefore hold Dean's sentence is not inappropriate given the nature of his offense or his character. *See Stetler v. State*, 972 N.E.2d 404, 409 (Ind. Ct. App. 2012) (holding ninety-year aggregate sentence for multiple counts of Class A felony child molesting was not inappropriate given the nature of the offenses or character of the offender), *trans. denied*.

# Conclusion

[11] The nature of Dean's offense is appalling. He exploited his position of trust and abused his nine-year-old stepdaughter in the presence of her siblings. Additionally, Dean received a substantial benefit by pleading guilty to his crime, and his character does not otherwise indicate he deserves a lesser sentence than what he received. Consequently, we cannot say that Dean's sentence is inappropriate, and we affirm the trial court.

[12] Affirmed.

Najam, J., and Bailey, J., concur.